IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIELLE HILLING,

      Petitioner,

v.                                            Civil Action No. 5:08cv152
                                               (Judge Stamp)

STATE OF WEST VIRGINIA,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

The petitioner, Danielle Hilling ("Hilling"), initiated this action on October 6, 2008 by filing a brief and petition for appeal of criminal conviction and sentence imposed in the Circuit Court of Monongalia County, West Virginia. Based on the substance of Hilling's claims,[1] the case was construed as a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and opened accordingly.

Because Hilling is proceeding *pro se*, on October 9, 2008, the Court notified Hilling that her brief was construed as a § 2254 petition and gave Hilling the opportunity to supplement or amend the petition before the Court considered her claims under § 2254.

On October 23, 2008, Hilling filed a motion to proceed as a pauper and a prisoner trust account statement. Hilling has not, however, filed a supplement or amendment to her original brief and petition for appeal. Nor has she specifically concurred or objected to the construction of her case as a § 2254 action. However, on January 5, 2009, Hilling filed a motion to withdraw her petition.

---

[1] The petition alleges numerous claims of state court error at the petitioner's trial and sentencing.

1

In the motion, Hilling states that she seeks to withdraw her petition pursuant to Rule 27 of the Federal Rules of Appellate Procedure. Further, Hilling notes that she requests to withdraw her "appeal, which is being treated as a Petition for Writ of Habeas Corpus" and references the document filed on October 3, 2008, the date her brief was executed. Motion to Withdraw (dckt. 7) at 1. Hilling seeks to withdraw her "appeal" because it was filed without consultation with a lawyer and because she has recently become aware that she must first exhaust state remedies. Id. Therefore, Hilling wishes to withdraw her petition "in order to protect and preserve all her legal and procedural rights and safeguards, and to obtain professional and legal counsel." Id.

Although Hilling is somewhat confused about the nature of her petition,[2] she acknowledges that she must first exhaust her state remedies before proceeding in federal court and seeks to withdraw her petition, at least in part, to preserve her right to federal habeas review. Id. at 2. Thus, it appears that Hilling intended to proceed in this Court under § 2254 and understands that there are certain procedural requirements that must first be met. Accordingly, the undersigned recommends that Hilling's Motion to Withdraw Habeas Petition (dckt. 7) be **GRANTED** and this case be **DISMISSED without prejudice** from the active docket of this Court.[3] In light of this recommendation, the undersigned also recommends that Hilling's Motion for Leave to Proceed In Forma Pauperis (dckt. 5) be **DENIED as moot**.

---

[2] A § 2254 petition is a collateral proceeding, not an appeal.

[3] Petitioner is advised, however, that any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

Dated: January 8, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE